**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| Phyllis Post, Molly Rocha, Charles Parrish, Trina Wilkerson, and Mary Zambrano, | ) ) ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No.   10 C 7164 |
| | ) | |
| Portfolio Recovery Associates, LLC, a Delaware limited liability company, | ) ) | |
| | ) | |
| Defendant. | ) | Jury Demanded |

**COMPLAINT**

Plaintiffs, Phyllis Post, Molly Rocha, Charles Parrish, Trina Wilkerson, and Mary Zambrano, bring this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages for Defendant's violations of the FDCPA, and allege:

**JURISDICTION AND VENUE**

1.      This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2.      Venue is proper in this District because: a) part of the acts and transactions occurred here; and, b) Defendant resides and transacts business here.

**PARTIES**

3.      Plaintiff, Phyllis Post ("Post"), is a citizen of the State of Kansas, from whom Defendant attempted to collect a delinquent consumer debt owed for an HSBC credit card, despite the fact that she was represented by the legal aid attorneys at the

Chicago Legal Clinic's Legal Advocates for Seniors and People with Disabilities program ("LASPD"), located in Chicago, Illinois.

4.     Plaintiff Molly Rocha ("Rocha"), is a citizen of the State of California, Plaintiff Charles Parrish ("Parrish"), is a citizen of the State of Ohio, Plaintiff Trina Wilkerson ("Wilkerson") is a citizen of the State of Tennessee, and Plaintiff Mary Zambrano ("Zambrano") is a citizen of the State of New Jersey.  Defendant attempted to collect delinquent consumer debts from each of these individuals, despite the fact that they were also represented by the legal aid attorneys at the Chicago Legal Clinic's LASPD program, located in Chicago, Illinois.

5.     Defendant, Portfolio Recovery Associates, LLC ("PRA"), is a Delaware limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts.  Defendant PRA operates a nationwide debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois.  In fact, Defendant PRA was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Plaintiffs.

6.     Defendant PRA is licensed to conduct business in Illinois and maintains a registered agent here, see, record from the Illinois Secretary of State, attached as Exhibit A.  In fact, PRA conducts business in Illinois.

7.     Moreover, Defendant PRA is licensed as a collection agency in Illinois, see, record from the Illinois Division of Professional Regulation, attached as Exhibit B. In fact, PRA acts as a debt collector in Illinois.

2

3

## FACTUAL ALLEGATIONS

**Ms. Phyllis Post**

8.      Ms. Post is a senior citizen, with limited assets and income, who fell behind on paying her bills, including a debt she owed for an HSBC Bank credit card.  At some point in time after that debt became delinquent, it was purchased by Defendant PRA, and when PRA began trying to collect this debt from Ms. Post, she sought the assistance of the legal aid attorneys at the Chicago Legal Clinic's LASPD program, regarding her financial difficulties and Defendant PRA's collection actions.

9.      On November 24, 2009, one of Ms. Post's attorneys at LASPD informed PRA, in writing, that Ms. Post was represented by counsel, and directed PRA to cease contacting her, and to cease all further collection activities because Ms. Post was forced, by her financial circumstances, to refuse to pay her unsecured debt.  Copies of this letter and fax confirmation are attached as Exhibit C.

10.      Nonetheless, Defendant PRA sent a collection letter, dated July 28, 2010, directly to Ms. Post, which demanded payment of the HSBC debt.  A copy of this letter is attached as Exhibit D.

11.      Accordingly, on October 8, 2010, Ms. Post's LASPD attorney had to send Defendant PRA another letter, to direct it again to cease communications and to cease collections.  Copies of this letter and fax confirmation are attached as Exhibit E.

**Ms. Molly Rocha**

12.      Ms. Rocha is a disabled woman, with limited assets and income, who fell behind on paying her bills, including a debt she owed for a Wells Fargo Bank account. At some point in time after that debt became delinquent, it was purchased by Defendant

3

PRA, and when PRA began trying to collect this debt from Ms. Rocha, she sought the assistance of the legal aid attorneys at the Chicago Legal Clinic's LASPD program, regarding her financial difficulties and Defendant PRA's collection actions.

13.     On December 22, 2009, one of Ms. Rocha's attorneys at LASPD informed PRA, in writing, that Ms. Rocha was represented by counsel, and directed PRA to cease contacting her, and to cease all further collection activities because Ms. Rocha was forced, by her financial circumstances, to refuse to pay her unsecured debt. Copies of this letter and fax confirmation are attached as Exhibit F.

14.     Nonetheless, Defendant PRA sent a collection letter, dated July 28, 2010, directly to Ms. Rocha, which demanded payment of the Wells Fargo Bank debt.  A copy of this letter is attached as Exhibit G.

15.     Accordingly, on September 17, 2010, Ms. Rocha's LASPD attorney had to send Defendant PRA another letter, to direct it again to cease communications and to cease collections.  Copies of this letter and fax confirmation are attached as Exhibit H.

**Mr. Charles Parrish**

16.     Mr. Parrish is a senior citizen, with limited assets and income, who fell behind on paying his bills, including a debt he owed for a GE Money Bank/Sams Club credit card.  At some point in time after that debt became delinquent, it was purchased by Defendant PRA, and when PRA began trying to collect this debt from Mr. Parrish, he sought the assistance of the legal aid attorneys at the Chicago Legal Clinic's LASPD program, regarding his financial difficulties and Defendant PRA's collection actions.

17.     On March 29, 2010, one of Mr. Parrish's attorneys at LASPD informed PRA, in writing, that Mr. Parrish was represented by counsel, and directed PRA to

cease contacting him, and to cease all further collection activities because Mr. Parrish was forced, by his financial circumstances, to refuse to pay his unsecured debt. Copies of this letter and fax confirmation are attached as Exhibit I.

18.     Nonetheless, Defendant PRA sent a collection letter, dated July 28, 2010, directly to Mr. Parrish, which demanded payment of the GE Money Bank/Sams Club debt. A copy of this letter is attached as Exhibit J.

19.     Accordingly, on September 29, 2010, Mr. Parrish's LASPD attorney had to send Defendant PRA another letter, to direct it again to cease communications and to cease collections. Copies of this letter and fax confirmation are attached as Exhibit K.

**Ms. Trina Wilkerson**

20.     Ms. Wilkerson is a disabled woman, with limited assets and income, who fell behind on paying her bills, including a debt she owed for a Providian credit card. At some point in time after that debt became delinquent, it was purchased by Defendant PRA, and when PRA began trying to collect this debt from Ms. Wilkerson, she sought the assistance of the legal aid attorneys at the Chicago Legal Clinic's LASPD program, regarding her financial difficulties and Defendant PRA's collection actions.

21.     On November 24, 2009, one of Ms. Wilkerson's attorneys at LASPD informed PRA, in writing, that Ms. Wilkerson was represented by counsel, and directed PRA to cease contacting her, and to cease all further collection activities because Ms. Wilkerson was forced, by her financial circumstances, to refuse to pay her unsecured debt. A copy of this letter is attached as Exhibit L.

22.     Nonetheless, Defendant PRA sent a collection letter, dated July 28, 2010, directly to Ms. Wilkerson, which demanded payment of the Providian debt.  A copy of this letter is attached as Exhibit M.

23.     Accordingly, on September 14, 2010, Ms. Wilkerson's LASPD attorney had to send Defendant PRA another letter, to direct it again to cease communications and to cease collections.  Copies of this letter and fax confirmation are attached as Exhibit N.

## Ms. Mary Zambrano

24.     Ms. Zambrano is a disabled senior citizen, with limited assets and income, who fell behind on paying her bills, including a debt she owed for a Capital One credit card.  At some point in time after that debt became delinquent, it was purchased by Defendant PRA, and when PRA began trying to collect this debt from Ms. Zambrano, she sought the assistance of the legal aid attorneys at the Chicago Legal Clinic's LASPD program, regarding her financial difficulties and Defendant PRA's collection actions.

25.     On September 8, 2009, one of Ms. Zambrano's attorneys at LASPD informed PRA, in writing, that Ms. Zambrano was represented by counsel, and directed PRA to cease contacting her, and to cease all further collection activities because Ms. Zambrano was forced, by her financial circumstances, to refuse to pay her unsecured debt.  Copies of this letter and fax confirmation are attached as Exhibit O.

26.     Nonetheless, Defendant PRA sent a collection letter, dated July 28, 2010, directly to Ms. Zambrano, which demanded payment of the Capital One debt.

27.     Accordingly, on October 19, 2010, Ms. Zambrano's LASPD attorney had

to send Defendant PRA another letter, to direct it again to cease communications and to

cease collections.  Copies of this letter and fax confirmation are attached as Exhibit P.

28.     Defendant PRA's collection actions complained of herein occurred within

one year of the date of this Complaint.

29.     Defendant PRA's collection communications are to be interpreted under

the "unsophisticated consumer" standard.  See, Gammon v. GC Services, Ltd.

Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

**COUNT I**
**Violation Of § 1692c(c) Of The FDCPA --**
**Failure To Cease Communications And Cease Collections**

30.     Plaintiffs adopt and reallege ¶¶ 1-29.

31.     Section 1692c(c) of the FDCPA prohibits a debt collector from

communicating with a consumer after a direction to cease communications, and from

continuing to demand payment of a debt that the consumer has indicated that they

refuse to pay.  See, 15 U.S.C. § 1692c(c).

32.     Here, the letters from Plaintiffs' agent, LASPD, told Defendant PRA to

cease communications and cease collections.  By continuing to communicate regarding

these debts and demanding payment, Defendant PRA violated § 1692c(c) of the

FDCPA.

33.     Defendant PRA's violations of § 1692c(c) of the FDCPA render it liable for

statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

## COUNT II
## Violation Of § 1692c(a)(2) Of The FDCPA --
## Communicating With A Consumer Represented By Counsel

34.    Plaintiffs adopt and reallege ¶¶ 1-29.

35.    Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address.  See, 15 U.S.C. § 1692c(a)(2).

36.    Defendant PRA knew that Plaintiffs were represented by counsel in connection with their debts because their attorneys at LASPD had informed Defendant, in writing, that they were represented by counsel, and had directed Defendant PRA to cease directly communicating with them.  By directly sending Plaintiffs the July 28, 2010 collection letters, despite being advised that they were represented by counsel, Defendant PRA violated § 1692c(a)(2) of the FDCPA.

37.    Defendant PRA's violations of § 1692c(a)(2) of the FDCPA render it liable for statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

### PRAYER FOR RELIEF

Plaintiffs, Phyllis Post, Molly Rocha, Charles Parrish, Trina Wilkerson, and Mary Zambrano, pray that this Court:

1.    Find that Defendant PRA's debt collection actions violated the FDCPA;

2.    Enter judgment in favor of Plaintiffs Post, Rocha, Parrish, Wilkerson and Zambrano, and against Defendant PRA, for statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3.      Grant such further relief as deemed just.

**JURY DEMAND**

Plaintiffs, Phyllis Post, Molly Rocha, Charles Parish, Trina Wilkerson and Mary

Zambrano, demand trial by jury.

Phyllis Post, Molly Rocha, Charles
Parish, Trina Wilkerson, and Mary
Zambrano,

By: /s/ David J. Philipps
One of Plaintiffs' Attorneys

Dated:  November 5, 2010

David J. Philipps      (Ill. Bar No. 06196285)
Mary E. Philipps      (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com